WO                                                                                          KAB

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Douglas Wayne Derello, Jr.,        No. CV 18-03575-PHX-MTL (JFM)

    Plaintiff,

v.                                 **ORDER**

Sanchez, et al.,

    Defendants.

    Plaintiff Douglas Wayne Derello, Jr., who is currently confined in the Arizona State Prison Complex-Eyman, brought this civil rights action pursuant to 42 U.S.C. § 1983. Defendant Igwe moves for summary judgment[1] and Plaintiff filed a Response and Cross-Motion for Summary Judgment. (Docs. 110, 154.) Also pending is Plaintiff's Motion to Extend Computer Use. (Doc. 157.)

**I.  Background**

    In his Complaint, Plaintiff relevantly alleged that on January 5, 2018, he saw Defendant Igwe regarding gout that caused swelling in his foot and excruciating pain. (Doc. 7 at 6.) Plaintiff alleged that Defendant Igwe examined him and prescribed a shot for pain and inflammation, but discontinued his prescription for Indomethacin, told him she did not believe he had gout, told him that he had to go on a medication that caused him

---

[1] Plaintiff was informed of his rights and obligations to respond pursuant to *Rand v. Rowland*, 154 F.3d 952, 962 (9th Cir. 1998) (en banc) (Doc. 113), and he opposes the Motion. (Doc. 153.) The Court granted Plaintiff multiple extensions of time to file his Response to the Motion for Summary Judgment.

bad side effects or nothing, and ordered him out of her office when he tried to talk to her about prison medical care. (*Id.* at 6-7.) Plaintiff alleged that after that, he saw Defendant Igwe a few times, but she refused to provide treatment and even after her superiors ordered her to provide Plaintiff treatment, she delayed treatment for a month and a half. (*Id.* at 7.)

On screening under 28 U.S.C. § 1915A(a), the Court determined that Plaintiff stated First Amendment retaliation claims against Defendants Harris and Sanchez, a failure to supervise claim against Defendant Doe, and an Eighth Amendment medical care claim against Defendant Igwe. (*Id.* at 8-9.) The Court dismissed the remaining claims and Defendants. (*Id.* at 10.) Thereafter, Defendant Doe was dismissed because Plaintiff did not file a timely notice of substitution and Defendant Sanchez was dismissed for failure to timely effect service of process. (Docs. 45 and 58.)

**II.    Plaintiff's Motion to Extend Computer Use**

Plaintiff requests an Order from the Court directing the ADC to allow him to purchase his own laptop. (Doc. 157.) In Response, Defendants explain that Plaintiff has a typewriter that can be easily fixed, but he refuses to purchase the part to fix it. (Doc. 159.) In Reply, Plaintiff does not deny that he needs to purchase a part to fix his typewriter, but claims he does not wish to do so in case his typewriter will not work for some other reason. (Doc. 166.)

Plaintiff has failed to show that he will suffer irreparable harm in the absence of an order allowing him to purchase a computer. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citation omitted) (A plaintiff seeking a preliminary injunction must show that (1) he is likely to succeed on the merits, (2) he is likely to suffer irreparable harm without an injunction, (3) the balance of equities tips in his favor, and (4) an injunction is in the public interest). The evidence before the Court shows that Plaintiff can purchase a part to fix his typewriter, which will allow him to submit typed, legible documents to the Court. Plaintiff's speculation that the part might not fix his typewriter is insufficient to establish that he will suffer irreparable harm in the absence of an injunction. Accordingly, Plaintiff's Motion to Extend Computer Use will be denied.

**III. Summary Judgment Standard**

A court must grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The movant bears the initial responsibility of presenting the basis for its motion and identifying those portions of the record, together with affidavits, if any, that it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323.

If the movant fails to carry its initial burden of production, the nonmovant need not produce anything. *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Co., Inc.*, 210 F.3d 1099, 1102-03 (9th Cir. 2000). But if the movant meets its initial responsibility, the burden shifts to the nonmovant to demonstrate the existence of a factual dispute and that the fact in contention is material, i.e., a fact that might affect the outcome of the suit under the governing law, and that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 250 (1986); *see Triton Energy Corp. v. Square D. Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). The nonmovant need not establish a material issue of fact conclusively in its favor, *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968); however, it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (internal citation omitted); *see* Fed. R. Civ. P. 56(c)(1).

At summary judgment, the judge's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine issue for trial. *Anderson*, 477 U.S. at 249. In its analysis, the court must believe the nonmovant's evidence and draw all inferences in the nonmovant's favor. *Id.* at 255. The court need consider only the cited materials, but it may consider any other materials in the record. Fed. R. Civ. P. 56(c)(3).

**IV. Facts**

On January 19, 2018, Plaintiff was seen by Registered Nurse Owiti, who noted that Plaintiff complained of swollen painful joints in both hands, knees, hips, and shoulders,

possibly from gout. (Doc. 155 at 9.) Owiti noted that Plaintiff stated he was previously on Indomethacin for joint pain with good control, but that he was recently changed to Ibuprofen, which did not control his pain. (*Id.*) On January 23, 2018, Plaintiff was seen by Nurse Practitioner Igwe for follow-up care; Plaintiff complained of persistent swelling and painful joints, possibly from gout. (Doc. 111 ¶ 1; Doc. 155 ¶ 2.) Igwe examined Plaintiff and ordered lab tests to determine whether Plaintiff had gout, classified his symptoms as chronic pain, ordered Ibuprofen for one month, requested offsite medical records for joint pain and swelling, and put in a special needs order for Plaintiff to soak in warm water twice daily for thirty days. (Doc. 111 ¶ 1; Doc. 155 ¶ 2.) On January 29, 2018, Plaintiff saw NP Igwe and complained that parts of his wheelchair were falling off; Igwe noted that parts of the wheelchair were missing and ordered a bariatric wheelchair. (Doc. 111 ¶ 1.)[2]

On February 5, 2018, Plaintiff saw NP Igwe for an unscheduled sick call and complained of foot pain and swelling, describing his pain as intermittent 8/10. (Doc. 111 ¶ 3; Doc. 155 ¶ 3.) Plaintiff stated that Ibuprofen did not relieve his pain and that Indomethacin relieved the pain. (Doc. 111 ¶ 3; Doc. 155 ¶ 3.) Igwe assessed Plaintiff with a gout flare and prescribed Colchicine for gout pain. (Doc. 111 ¶ 3; Doc. 155 ¶ 3.) Igwe instructed Plaintiff to elevate his lower extremities. (Doc. 111 ¶ 3; Doc. 155 ¶ 3.) Plaintiff asserts that "NP Igwe [sic] lack of training and being irate with pltf [sic] she left pltf [sic] in pain despite her supervisor agreed with plth [sic]." (Doc. 155 ¶ 3.)[3] On February 9, 2018, Igwe reordered Colchicine for Plaintiff's gout pain. (Doc. 111 ¶ 4.) Plaintiff asserts that Igwe had to order medications "over and over again due to her logging it the wrong way." (Doc. 153 at 2.)

---

[2] In his Controverting Statement of Facts, Plaintiff did not respond to certain facts included in Defendant's Statement of Facts. (*See generally* Doc. 155.)

[3] Plaintiff cites to "pltf Exhibit 2" to support this statement, but the Court cannot find anything in Plaintiff's Exhibit 2 that suggests that Igwe's supervisor instructed her that her care of Plaintiff was lacking in some way. (*See* Doc. 155 at 4-8.)

On April 3, 2018, Plaintiff saw NP Igwe, who noted that Plaintiff qualified for temporary ADA status due to gouty exacerbations, and Igwe put in a special needs request for Plaintiff to be given an ADA shower for one month. (Doc. 111 ¶ 5; Doc. 155 ¶ 4.) On May 15, 2018, Plaintiff saw NP Igwe and denied pain or discomfort; Plaintiff requested the results of his lab tests, but Igwe told him the results were not available and she would review the results with him when they became available. (Doc. 111 ¶ 6; Doc. 155 ¶ 5.) Plaintiff disputes that he told Igwe he was not in pain. (Doc. 153 at 2.) On May 23, 2018, Plaintiff saw Igwe and they reviewed the results of Plaintiff's labs; Igwe noted that Plaintiff's gout was controlled and prescribed Allopurinol, which is used to treat gout, at 100 mg daily for seven days and then increased to 200 mg daily for 120 days. (Doc. 111 ¶ 7.) On July 10, 2018, Plaintiff was seen by Igwe for the final time and complained of left hand swelling; Igwe put in a special needs order for medical ice for the swelling. (Doc. 111 ¶ 8; Doc. 155 ¶ 6.) On October 9, 2018, Igwe reordered Colchicine for Plaintiff's gout pain. (Doc. 111 ¶ 9; Doc. 155 ¶ 7.) Plaintiff asserts that Igwe had to order Colchicine in October because she "did not place the order correctly." (Doc. 153 at 2.)

## V. Discussion

Defendant argues that she is entitled to summary judgment because there is no evidence that she was deliberately indifferent to Plaintiff's serious medical needs; rather, she asserts that the record shows that she was consistently responsive to Plaintiff's complaints of pain from gout. (Doc. 110 at 6.) Defendant asserts that her failure to prescribe Indomethacin to Plaintiff is a disagreement regarding Plaintiff's medication that does not amount to deliberate indifference and Plaintiff's claim that she denied that Plaintiff had gout is belied by the medical records that show that she ordered lab tests to determine whether Plaintiff had gout. (*Id.*)

### A. Legal Standard

Under the Eighth Amendment, a prisoner must demonstrate that a defendant acted with "deliberate indifference to serious medical needs." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). There are two

prongs to the deliberate-indifference analysis: an objective prong and a subjective prong. First, a prisoner must show a "serious medical need." *Jett*, 439 F.3d at 1096 (citations omitted). A "'serious' medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin v. Smith*, 974 F.2d 1050, 1059-60 (9th Cir. 1992), *overruled on other grounds by WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal citation omitted). Examples of a serious medical need include "[t]he existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain." *McGuckin*, 974 F.2d at 1059-60.

Second, a prisoner must show that the defendant's response to that need was deliberately indifferent. *Jett*, 439 F.3d at 1096. An official acts with deliberate indifference if he "knows of and disregards an excessive risk to inmate health or safety; to satisfy the knowledge component, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "Prison officials are deliberately indifferent to a prisoner's serious medical needs when they deny, delay, or intentionally interfere with medical treatment," *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002) (internal citations and quotation marks omitted), or when they fail to respond to a prisoner's pain or possible medical need. *Jett*, 439 F.3d at 1096. Deliberate indifference is a higher standard than negligence or lack of ordinary due care for the prisoner's safety. *Farmer*, 511 U.S. at 835. "Neither negligence nor gross negligence will constitute deliberate indifference." *Clement v. California Dep't of Corr.*, 220 F. Supp. 2d 1098, 1105 (N.D. Cal. 2002); *see also Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980) (mere claims of "indifference," "negligence," or "medical malpractice" do not support a claim under § 1983). "A difference of opinion does not amount to deliberate indifference to [a plaintiff's] serious medical needs." *Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989).

A mere delay in medical care, without more, is insufficient to state a claim against prison officials for deliberate indifference. *See Shapley v. Nevada Bd. of State Prison Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985). The indifference must be substantial. The action must rise to a level of "unnecessary and wanton infliction of pain." *Estelle*, 429 U.S. at 105.

Finally, even if deliberate indifference is shown, to support an Eighth Amendment claim, the prisoner must demonstrate harm caused by the indifference. *Jett*, 439 F.3d at 1096; *see Hunt v. Dental Dep't*, 865 F.2d 198, 200 (9th Cir. 1989) (delay in providing medical treatment does not constitute Eighth Amendment violation unless delay was harmful).

### B. Analysis

With regard to Plaintiff's claim that Igwe was deliberately indifferent to his serious medical needs because she did not prescribe Indomethacin, it is unclear which provider discontinued Plaintiff's Indomethacin prescription, but the record shows this occurred before Plaintiff first saw Defendant Igwe. Plaintiff produces evidence that he was taken off Colchicine in May of 2017 due to it "feel[ing] like it was causing nausea and blood in stools" (Doc. 155 at 13), and Plaintiff states that he "repeatedly told Igwe that he could not take Colchicine [because] he suffered side effects," but he does not include any detailed information regarding these encounters such as when they occurred. There is no evidence that even if Igwe was aware that Plaintiff had previously tried Colchicine and had side effects that it was deliberate indifference for Igwe to try Colchicine a second time a year later. There is nothing in Plaintiff's medical records after Igwe prescribed Colchicine suggesting that he again complained of side effects or that he suffered side effects from that medication.

To the extent Plaintiff complains that Igwe was deliberately indifferent to his serious medical needs by improperly entering prescriptions into the computer, Plaintiff has not produced any evidence showing that this happened or that if it did happen, that Igwe did it deliberately, or that it was the result of anything other than negligence.

The record before the Court shows that Igwe consistently responded to Plaintiff's

complaints regarding his gout, but that Plaintiff did not always agree with the course of treatment. But Plaintiff's disagreement with the chosen course of treatment does not demonstrate that Igwe was deliberately indifferent to his gout. There is no evidence that Igwe was deliberately indifferent to Plaintiff's complaints regarding his gout. Accordingly, Igwe's Motion for Summary Judgment will be granted and Plaintiff's Cross-Motion for Summary Judgment will be denied as moot.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is **withdrawn** as to Defendant Igwe's Motion for Summary Judgment (Doc. 110), Plaintiff's Cross-Motion for Summary Judgment (Doc. 154), and Plaintiff's Motion to Extend Computer Use (Doc. 157).

(2) Plaintiff's Motion to Extend Computer Use (Doc. 157) is **denied**.

(3) Defendant Igwe's Motion for Summary Judgment (Doc. 110) is **granted**, and Defendant Igwe is dismissed from this action with prejudice.

(4) Plaintiff's Cross-Motion for Summary Judgment (Doc. 154) is **denied as moot**.

(5) The remaining claim in this action is Plaintiff's First Amendment retaliation claim against Defendant Harris.

Dated this 1st day of April, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge